UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMICKO D. MURRAY MCIVER,

                    Plaintiff,

          -against-

FDA FOOD AND DRUG ADMINISTRATION;
CDC CENTER FOR DISEASE CONTROL &
PREVENTION; FTC FEDERAL TRADE
COMMISSION,

                    Defendants.

24-CV-8897 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

     Plaintiff, who is appearing *pro se*, brings this action alleging that the food she purchases

makes her sick. She sues the U.S. Food and Drug Administration ("FDA"), the Center for

Disease Control & Prevention ("CDC"), and the Federal Trade Commission ("FTC"). By order

dated December 11, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses

the complaint.

### STANDARD OF REVIEW

     The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

     While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff states that the events giving rise to her claims occurred "in my home, and at local supermarkets . . . every 7th of each month and 24th of each month." (ECF 1, at 5.)[1] She states that "paying for, buying food that is fake, not real goes to waiste. A waiste of food stamps & cash, being . . . sick, having to starve myself is my last result." (*Id.*) She further states that the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise noted.

"ghost ingredients . . . allow[] us to be poisoned at a very high price." (*Id.*) She seeks money damages in the amount of $10,000.

## DISCUSSION

### A.    Claims against federal agencies

The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, the FDA, the CDC, and the FTA – as well as their employees – are entitled to sovereign immunity. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

While the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment, 28 U.S.C. § 1346(b)(1), the complaint does not suggest that Plaintiff's claims concern the tortious conduct of federal employees. The FTCA therefore does not waive the sovereign immunity of the FDA, CDC, and FTA, and Plaintiff's claims must be dismissed on the basis of sovereign immunity, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### B.    Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court lacks subject matter jurisdiction of her claims. Because this defect cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

**C.      Warning**

In an order dated February 7, 2021, in *Murray McIver v. Murray*, ECF 1:20-CV-10538, 5 (LLS) (S.D.N.Y. Apr. 26, 2021), the Court noted that Plaintiff had filed 13 cases within the Second Circuit as of the date of that order and warned Plaintiff that an injunction could be issued against her if she continued to file nonmeritorious cases. Following the issuance of the February 7, 2021 order, Plaintiff filed an additional eight cases. *See Murray McIver v. Search for Change*, ECF 1:25-CV-1542, 1 (S.D.N.Y.) (pending); *Murray McIver v. HHA of Westchester*, ECF 1:25-CV-0362, 1 (S.D.N.Y. Mar. 5, 2025) (dismissed for failure pay the fees); *Murray McIver v. Trevino*, ECF 1:25-CV-0219, 1 (S.D.N.Y. Mar. 7, 2025) (same); *Murray McIver v. USPS General Accounting*, 1:24-CV-9796, 1 (S.D.N.Y.) (pending); *Murray McIver v. Ginger Ale*, ECF 1:24-CV-9102, 1 (S.D.N.Y.) (pending); *Murray McIver v. Postal Inspector General*, ECF 1:24-CV-9095, 1 (S.D.N.Y.) (pending); *Murray McIver v. SSA Commissioner*, ECF 1:22-CV-0515, 1 (S.D.N.Y. Feb. 23, 2023) (dismissed for failure to pay the fees); *McIver v. HRA – Fair Hearing*, ECF 1:21-CV-0781, 1 (S.D.N.Y. Mar. 22, 2021) (same).

The warning issued in the February 7, 2021 order, in the 20-CV-10538 action, remains in effect. The Court further warns Plaintiff that the filing of additional lawsuits in this court may result in an order barring Plaintiff from filing new actions IFP, unless she first obtains permission from the court. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court warns Plaintiff that the filing of additional lawsuits in this court may result in an order barring Plaintiff from filing new actions IFP, unless she first obtains permission from the court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:     November 13, 2025
           New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.